**FILED
CLERK**

9/10/2021 5:16 pm

**U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
BENJAMIN OFFICE SUPPLY & SERVICES, INC.,

                Plaintiff,

     -against-

2 CRYSTALS INC.,

                Defendant.
----------------------------------------X
2 CRYSTALS INC.,

               Third-Party Plaintiff,

      -against-

HERITAGE PARTNERS GROUP LLC and SAFE
HOUZE LLC,

              Third-Party Defendants.
----------------------------------------X

ADOPTION ORDER
20-CV-3693(JS)(ST)

APPEARANCES
For Plaintiff:              Stuart A. Berman, Esq.
                           Lerch, Early & Brewer, Chartered
                           7600 Wisconsin Avenue, Suite 700
                           Bethesda, Maryland 20814

                           M. Katherine Sherman, Esq.
                           David C. Wrobel, Esq.
                           Wrobel Markham LLP
                           360 Lexington Avenue, 15th Floor
                           New York, New York 10017

For Defendant &
Third-Party Plaintiff:     Douglas M. Lieberman, Esq.
                           Markotsis & Lieberman
                           115B Broadway, Suite 2
                           Hicksville, New York 11801

For Third-Party
Defendants:                No appearances.

SEYBERT, District Judge:

Plaintiff Benjamin Office Supply & Services, Inc. ("Plaintiff") commenced this action against 2 Crystals Inc. ("Defendant") alleging one count for breach of contract arising out of the sale of 10,000 boxes of nitrile gloves that Defendant agreed to sell to Plaintiff for $149,800. After limited discovery, Plaintiff filed a motion for summary judgment against Defendant pursuant to Federal Rule of Civil Procedure 56. (See Pl. Mot., ECF No. 28.) In turn, Defendant filed a motion for default judgment against Heritage Partners Group LLC and Safe Houze LLC (collectively, the "Third-Party Defendants"), its upstream suppliers, after they failed to appear and defend against Defendant's third-party complaint, which asserts claims for breach of contract, negligent and fraudulent misrepresentation, conversion, money had and received, unjust enrichment, and common law indemnification. (See Def. Mot. Default J., ECF No. 32; Third-Party Compl., ECF No. 7.) On May 7, 2021, this Court referred Plaintiff's and Defendant's respective motions to Magistrate Judge Steven Tiscione. (See May 7, 2021 Elec. Orders.)

By Report and Recommendation ("R&R") dated August 10, 2021, Judge Tiscione recommended that the Court grant Plaintiff's motion for summary judgment and grant in part and deny in part Defendant's motion for default judgment. (R&R, ECF No. 39.) First, Judge Tiscione found that there was no issue of material

fact as to whether Defendant breached its contract with Plaintiff. (Id. at 11-12.)   On the issue of damages, Judge Tiscione recommended that Plaintiff be awarded $143,800 in actual damages suffered as a result of Defendant's breach, i.e., $149,800 less the $6,000 Plaintiff concedes it was refunded.   (Id. at 13.) Further, Judge Tiscione recommended that Plaintiff be awarded pre-judgment interest at nine percent (9%) per annum from July 15, 2020 until the date judgment is entered against Defendant on the breach of contract claim.   (Id. at 13-14.)[1]

Second, Judge Tiscione addressed Defendant's motion for default judgment against the Third-Party Defendants, finding that Defendant adequately alleged its breach of contract claim.   (Id. at 15-16.)   However, Judge Tiscione found Defendant's claims for fraudulent and negligent misrepresentation, conversion, money had and received, and unjust enrichment were duplicative of the contract claim, and therefore recommended that the Court dismiss those claims without prejudice to renew.   (Id. at 16-21.)   Further, Judge Tiscione recommended Defendant's common law indemnification claim be dismissed.   (Id. at 21-23.)   On the issue of damages, Judge Tiscione recommended that Defendant be awarded $113,500 in actual damages suffered as a result of the Third-party Defendants'

---

[1] Plaintiff agreed to drop its claim for $42,700 in lost profits if the Court ordered Defendant to pay actual damages plus pre-judgment interest.   (See R&R at 13, n.1.)

breach -- $123,500, the contract price, less the $10,000 refund it received from Heritage Partners Group LLC -- plus pre-judgment interest at nine percent (9%) per annum from July 15, 2020 until the date judgment is entered.  (Id. at 23-25.)

The time to object has expired and no objections to the R&R have been filed.  Upon careful review and consideration, the Court finds Judge Tiscione's R&R to be comprehensive, well-reasoned, and free of clear error.  Accordingly, **IT IS HEREBY ORDERED** that:

(1) the R&R (ECF No. 39) is ADOPTED in its entirety, and Plaintiff's motion for summary judgment (ECF No. 28) is GRANTED, and Defendant's motion for default judgment as against the Third-Party Defendants (ECF No. 32) is GRANTED, insofar as Defendant is entitled to a default judgment against the Third-Party Defendants on its breach of contract claim; Defendant's motion is otherwise DENIED in all respects; and

(2) Plaintiff is awarded (a) $143,800 in actual damages, plus (b) pre-judgment interest accruing at nine percent (9%) per annum from July 15, 2020 until the date judgment is entered, from Defendant; and

(3) Defendant is awarded (a) $123,500 in actual damages, plus (b) pre-judgment interest accruing at nine percent (9%) per annum from July 15, 2020 until the date judgment

is entered, from the Third-Party Defendants, who are jointly and severally liable for the amount;

(4) In the alternative, Defendant may file a renewed motion for default judgment, consistent with the R&R and this Adoption Order, within fifteen (15) days of the date of this Adoption Order.

(5) Defendant's counsel is directed to serve copies of this Adoption Order upon the Third-Party Defendants at their last known addresses and shall file proof of service with the Court within one week of the date of this Adoption Order; and

(6) At this time, the Clerk of the Court is respectfully directed to enter judgment in favor of Plaintiff against Defendant.  Defendant is warned that if it does not file a renewed motion for default judgment within fifteen days of the date of this Adoption Order, judgment will enter and this case will be marked this case CLOSED.

**SO ORDERED.**

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September  10 , 2021
       Central Islip, New York